No. 22-_____

_____

# United States Court of Appeals
# for the Eleventh Circuit

_____

OMAR SANTOS and AMANDA CLEMENTS,
INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

*Petitioners-Plaintiffs*,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.

*Respondent-Defendant*.

_____

From the United States District Court
for the Southern District of Florida
District Court No. 1:19-cv-23084-KMW

_____

**PETITION FOR PERMISSION TO APPEAL
THE DENIAL OF CLASS CERTIFICATION UNDER RULE
23(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

_____

Peter Prieto
Matthew P. Weinshall
**PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida  33131

January 4, 2022

*Omar Santos, et al. v. Experian Information Solutions, Inc.*, No. _____

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In compliance with Local Rule 26.1-1, the undersigned certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporations that own 10% or more of the party's stock and other identifiable legal entities related to a party:

1. Baron & Budd, P.C., counsel for plaintiffs.

2. Central Source LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

3. Clements, Amanda, plaintiff.

4. Del Riego, Alissa, counsel for plaintiffs.

5. Experian Holdings, Inc., parent company of defendant Experian Information Solutions, Inc.

6. Experian Information Solutions, Inc., defendant. Experian Information Solutions, Inc. is a wholly owned subsidiary of Experian Holdings, Inc., and the ultimate parent company is Experian plc. As ultimate parent company, Experian plc owns 100% of Experian Information Solutions, Inc.

*Omar Santos, et al. v. Experian Information Solutions, Inc.*, No. _____

7. Experian plc (EXPN:LON), indirect parent company of Experian Holdings, Inc. and ultimate parent company of defendant Experian Information Solutions, Inc.

8. Gravante, John, counsel for plaintiffs.

9. Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolutions Services ("ARS"), former defendant. According to its disclosure in the district court, no publicly owned company owns 10% or more of the stock of ARS.

10. Jones Day, counsel for defendant.

11. Mann, Jonas P., counsel for plaintiffs.

12. McCarty, Dennis, counsel for plaintiffs.

13. McCarty & Raburn PLLC, counsel for plaintiffs.

14. New Management Services LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

15. Online Data Exchange LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

16. Opt-Out Services LLC, U.S.-based indirect subsidiary of Experian plc that is not wholly owned.

17. Podhurst Orseck, P.A., counsel for plaintiffs.

18. Prieto, Peter, counsel for plaintiffs.

*Omar Santos, et al. v. Experian Information Solutions, Inc.*, No. _____

19. Raburn, Jonathan, counsel for plaintiffs.

20. Santos, Omar, plaintiff.

21. Soto, Cristina Pérez, counsel for defendant.

22. Taylor, William, counsel for defendant.

23. Tellis, Roland, counsel for plaintiffs.

24. Torres, Hon. Edwin G., United States Magistrate Judge.

25. VantageSource Solutions LLC, U.S.-based subsidiary of Experian plc that is not wholly owned.

26. Vogt, John, counsel for defendant.

27. Weinshall, Matthew P., counsel for plaintiffs

28. Williams, Hon. Kathleen M., United States District Judge.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION .............................................................................1

STATEMENT OF THE CASE.............................................................2

   I.  Statement Of Facts ................................................................2

   II.  Procedural History ..............................................................4

QUESTION PRESENTED ................................................................7

RELIEF SOUGHT ...........................................................................7

REASONS FOR GRANTING THE PETITION.....................................7

   I.  This Case Meets The Requirements For Interlocutory Appeal. .......................7

   II.  The District Court Rewrote The FCRA To Impose A Requirement of Actual Damages Or Credit Denial For Claims Seeking Statutory Damages. ............10

   III. The District Court Misapplied This Court's Precedents. ...............................14

   IV. The District Court's Decision Conflicts With Precedents From The Supreme Court And Numerous Circuit Courts...........................................................20

CONCLUSION ...............................................................................22

i

# TABLE OF AUTHORITIES

## Cases

*Beaudry v. TeleCheck Servs., Inc.*,

    579 F.3d 702 (6th Cir. 2009) ..................................................................22

*Birmingham v. Experian Info. Sols., Inc.*,

    633 F.3d 1006 (10th Cir. 2011) .............................................................22

*Cahlin v. General Motors Acceptance Corp.*,

    936 F.2d 1151 (11th Cir. 1991) ....................................... 16, 17, 18, 19

*Clark v. Trans Union, LLC*,

    No. 1:18-CV-05259, 2019 WL 3505446 (N.D. Ga. June 5, 2019) .......................9

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,

    140 S. Ct. 1009 (2020) ...........................................................................14

*Dep't of Homeland Sec. v. MacLean*,

    574 U.S. 383 (2015) ...............................................................................12

*Duncan v. Walker*,

    533 U.S. 167 (2001) ...............................................................................13

*Edwards v. Prime, Inc.*,

    602 F.3d 1276 (11th Cir. 2010) .............................................................19

*Enwonwu v. Trans Union, LLC*,

    164 F. App'x 914 (11th Cir. 2006) ........................................................18

*Erickson v. First Advantage Background Servs. Corp.*,

    981 F.3d 1246, 1251 (11th Cir. 2020) ...................................................18

*Foster v. Santander Consumer USA, Inc.*,

    No. 1:18-CV-4146, 2019 WL 3490463 (N.D. Ga. May 29, 2019) .......................9

*Hammer v. Sam's E., Inc.*,

    754 F.3d 492 (8th Cir. 2014) ..............................................................22

*Harris v. Mexican Specialty Foods, Inc.*,

    564 F.3d 1301 (11th Cir. 2009) ...................................... 15, 16, 17, 19

*In re BFW Liquidation, LLC*,

    899 F.3d 1178 (11th Cir. 2018) ..........................................................19

*Jackson v. Equifax Info. Servs., LLC*,

    167 F. App'x 144 (11th Cir. 2006) ......................................................18

*Levine v. World Fin. Network Nat. Bank*,

    437 F.3d 1118 (11th Cir. 2006) ...................................... 14, 15, 16, 19

*Librizzi v. Ocwen Loan Servicing, LLC*,

    120 F. Supp. 3d 1368 (S.D. Fla. 2015)..................................................9

*Losch v. Nationstar Mortg. LLC*,

    995 F.3d 937 (11th Cir. 2021) ...........................................................18

*Murray v. GMAC Mortg. Corp.*,

    434 F.3d 948 (7th Cir. 2006) ..............................................................22

*Nagle v. Experian Info. Sols., Inc.*,

    297 F.3d 1305 (11th Cir. 2002) ...........................................................18

*Paroline v. United States*,

    572 U.S. 434 (2014)............................................................................12

*Prado-Steiman ex rel. Prado v. Bush*,

    221 F.3d 1266 (11th Cir. 2000) .............................................. 7, 8, 9, 10

*Ray v. Equifax Info. Servs., LLC*,

    327 F. App'x 819 (11th Cir. 2009) ...................................................18

*Robins v. Spokeo, Inc.*,

    867 F.3d 1108 (9th Cir. 2017) .................................................... 21, 22

*Safeco Ins. Co. of Am. v. Burr*,

    551 U.S. 47 (2007)............................................................................20

*Smith v. Marcus & Millichap, Inc.*,

    991 F.3d 1145 (11th Cir. 2021) .......................................................10

*Spokeo, Inc. v. Robins*,

    578 U.S. 330 (2016).................................................................. 20, 22

*Stillmock v. Weis Markets, Inc.*,

    385 F. App'x 267 (4th Cir. 2010).....................................................22

*TransUnion LLC v. Ramirez*,

    141 S. Ct. 2190 (2021)............................................................... 20, 21

*Younger v. Experian Info. Sols., Inc.*,

    No. 2:15-CV-00952, 2017 WL 5465527 (N.D. Ala. Sept. 22, 2017) ..................9

**Statutes**

15 U.S.C. § 1681n(a)(1)(A) ........................................................................... 12, 13, 14

15 U.S.C. § 1681n(a)(1)(B) ........................................................................... 12, 13, 14

15 U.S.C. § 1681e(b) ....................................................................................... 11, 14

15 U.S.C. § 1681n(a) ....................................................................................... passim

15 U.S.C. § 1681o ...............................................................................................17

**Other Authorities**

Antonin Scalia & Bryan A. Garner,

    Reading Law: The Interpretation of Legal Texts (2012)......................................13

**Rules**

Fed. R. Civ. P. 23(b)(3)......................................................................................5

Fed. R. Civ. P. 23(f) ........................................................................................1, 7

**INTRODUCTION**

Plaintiffs Omar Santos and Amanda Clements petition for review under Fed. R. Civ. P. 23(f) of a district court order denying class certification in a case arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n. The order contravenes the plain language of the FCRA and fundamentally misapplies precedents from this Court and the Supreme Court, presenting an important question for this Court to resolve.

The FCRA creates a cause of action for willful violations of the statute, under which consumers may recover either actual damages or statutory damages in a range between $100 and $1,000. 15 U.S.C. § 1681n(a). Plaintiffs, on behalf of themselves and a class of 2.1 million consumers, asserted such a claim against Defendant Experian Information Solutions, Inc. ("Experian") and elected to seek statutory damages, in lieu of actual damages. The sole basis for the district court's decision denying class certification, however, was its belief that the FCRA still requires Plaintiffs—who are only seeking statutory damages—to also prove actual damages, in the form of a denial of credit, from Experian's willful violation of the statute.

The district court's decision cannot be squared with the text of the FCRA. Violating a cardinal rule of statutory interpretation, the district court made no effort to ground its decision in the statutory text. Instead, it relied on a superseded holding

from an opinion construing an older version of the FCRA, which was later amended to add the statutory damages remedy that Plaintiffs have elected.

Decisions of this Court and the Supreme Court regarding the amended FCRA make clear that statutory damages are available as an alternative to actual damages for willful violations of the statute. But the district court failed to grapple with these authorities. Rather, its flawed analysis was limited to whether the opinion construing the older version of the FCRA continues to be cited by this Court, without examining the purpose of such citations or their applicability to the issue in dispute. To be sure, a few statements from this Court's opinions have fostered confusion in lower courts about the elements of an FCRA willful violation claim. But a careful examination of these statements reveals that they are either inapplicable to willful violation claims or mere dicta. Review of the district court's order is warranted to clear up this confusion and correct the district court's counter-textual interpretation of the FCRA.

## STATEMENT OF THE CASE

### I.    Statement Of Facts

Experian disseminated to third parties credit reports about Plaintiffs and the proposed class of 2.1 million consumers with inaccurate information.[1] The inaccuracy, common to all Plaintiffs and class members, concerned the date that each

---

[1] (ECF No. 134 at Ex. 7 (Experian's Responses to Plaintiffs' Requests for Admission) at Nos. 1-2; ECF No. 134 at Ex. 21 (Experian's Second Supplemental Interrogatory Responses) at Nos. 1, 4, & 5.)

account reported by a medical debt collector, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolutions Services ("ARS"),[2] entered its current status.[3] During the class period, Experian systematically and intentionally erased payment-history information for all ARS accounts.[4] The automated deletion of this data caused the "Date of Status"—an Experian-generated date that alerts third parties to the date that the account entered collections status—on all ARS accounts to erroneously display the current month, every month, in credit reports sent to third parties.[5] This uniform, systematic conduct by Experian—all stemming from a single setting in Experian's computer system—created the misleading impression that Plaintiffs' and class members' ARS debts entered collections status more recently than they really did.[6] In other words, Experian incorrectly informed third parties that Plaintiffs and class members had recently defaulted on their payment obligations.[7]

---

[2] ARS was named as a defendant but subsequently dismissed. (ECF No. 161.)

[3] (ECF No. 134 at Ex. 7 at Nos. 1-2; ECF No. 86-2 at SANTOS-EXP-000192-3; ECF No. 86-4 at SANTOS-EXP-000250-1; ECF No. 86-5 at CLEMENTS-EXP-000025; ECF No. 86-7 at CLEMENTS-EXP-000058.)

[4] (ECF No. 134 at Ex. 11 (Experian' Interrogatory Responses) at Nos. 16-17; ECF No. 134 at Ex. 12 (Howland Dep.) at 18:2-19:9; 35:13-18; ECF No. 134 at Ex. 13 (Finneran Dep.) at 42:3-22.)

[5] (*Id.*; ECF No. 134 at Ex. 8 (Experian Product Sheet) at Santos-EXP-002907.)

[6] (ECF No. 134 at Ex. 10 (Hendricks Report) at 3-6, 12-16, 19.)

[7] (*Id.*)

The inaccurate information that Experian reported to third parties was material, concerning the creditworthiness of Plaintiffs and class members. Plaintiffs' expert witness attested to the materiality of the inaccuracies that Experian published, explaining that they created the misleading impression that Plaintiffs' and class members' financial condition was deteriorating now, rather than in the past.[8] Experian's own corporate designee admitted that an account that entered collections more recently would have a greater adverse effect on a consumer than an account that entered collections years ago.[9] And internal communications among Experian's own employees acknowledge the adverse impacts of these inaccuracies.[10]

## II.    Procedural History

On July 24, 2019, Plaintiffs filed a class action complaint against Experian, asserting a single claim for willful violation of the FCRA and seeking statutory damages, but not actual damages.  (ECF No. 1, ¶¶ 60-75.)  Experian first moved to dismiss the complaint (ECF No. 29) but then withdrew its motion and filed an answer (ECF No. 43).

On March 6, 2020, Experian filed a motion for summary judgment, arguing that Plaintiffs must show that they suffered actual damages in the form of a denial

---

[8] (*Id.*)

[9] (ECF No. 134 at Ex. 9 (Cave Dep.) at 52:16-20; 53:15-19; 64:25-65:18.)

[10] (ECF No. 134 at Ex. 16 at SANTOS-EXP-003250.)

of credit to sustain an FCRA claim, even though Plaintiffs only sought statutory damages.  (ECF No. 39.)  Plaintiffs opposed the motion, arguing that Experian's position conflicted with the text of the FCRA and precedent.  (ECF No. 48 at 1–2, 6–14.)  On March 22, 2021, the district court issued an order on Experian's motion for summary judgment.  (ECF No. 83.)  The court agreed with Experian that Plaintiffs must prove that Experian's "inaccurate report caused [Plaintiffs] to suffer damages," but it concluded that a genuine issue of material fact existed as to whether Plaintiffs suffered a denial of credit, and thus denied Experian's motion. (*Id.* at 10-11.)

On April 5, 2021, Plaintiffs filed a motion for class certification. (ECF No. 86.)  Plaintiffs sought to certify the following class under Fed. R. Civ. P. 23(b)(3):

> All consumers in the United States whose Experian credit reports had an account or accounts reported by ARS with an inaccurately displayed Date of Status and were viewed by one or more third parties from July 24, 2017 through September 30, 2019.

(*Id.* at 12.)

On May 13, 2021, the district court referred the motion to Magistrate Judge Edwin Torres for a report and recommendation. (ECF No. 114.) On October 27, 2021, Magistrate Judge Torres issued a report and recommendation to deny class certification.  (ECF No. 147.)  The report and recommendation rested entirely on the district court's summary judgment order, which it called "a roadblock to Plaintiffs'

position." (*Id.* at 7.)  The purported requirement to "show a denial of credit," which would entail "an individual and highly factual determination" for each of the 2.1 million class members, the Magistrate Judge reasoned, precluded class certification. (*Id.* at 9.) The report and recommendation did not provide any other rationale or consider any other criteria of Rule 23 to support its decision. (*Id.*)

On November 5, 2021, Plaintiffs filed objections to the report and recommendation, reiterating that requiring actual damages or credit denial was inconsistent with the text of the FCRA and precedent.  (ECF No. 150.)  On December 21, 2021, without hearing argument or addressing the text of the FCRA or the authorities cited by Plaintiffs, the Court, with a paperless docket entry, affirmed and adopted the report and recommendation, thus denying Plaintiffs' motion for class certification. (ECF No. 184.)

Since Plaintiffs have represented—from the initial complaint onward—that they are seeking statutory damages, not actual damages, and the district court ruled that actual damages are nonetheless a prerequisite of Plaintiffs' claim for statutory damages, Plaintiffs moved the court to remove the case from the trial calendar and explore ways to expedite the disposition of the action without a trial.  (ECF No. 176 at 1.)  On December 17, 2021, the court cancelled the jury trial, which was scheduled to begin on January 3, 2022, but stated that the trial would be "reset at a later date" and otherwise denied Plaintiffs' motion.  (ECF No. 180.)  At a subsequent calendar

call on December 21, 2021, the district court said that it would consider written submissions from the parties but also reiterated its plan to reset the trial for a later date.

## QUESTION PRESENTED

Whether the district court abused its discretion in denying Plaintiffs' motion for class certification based on its belief, contrary to the text of the FCRA and numerous authorities, that Plaintiffs must prove actual damages or a credit denial to prevail on their claims seeking statutory damages for willful violations of the FCRA.

## RELIEF SOUGHT

Plaintiffs request that this Court grant them permission to appeal from the district court's order denying class certification under Fed. R. Civ. P. 23(f) and reverse that order as erroneous and an abuse of discretion.

## REASONS FOR GRANTING THE PETITION

### I.    This Case Meets The Requirements For Interlocutory Appeal.

This Court has identified several "guideposts [that] may be utilized in determining whether to grant an interlocutory appeal under Rule 23(f)." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000). They include: (1) "whether the district court's ruling is likely dispositive of the litigation by creating a 'death knell' for either plaintiff or defendant"; (2) "whether the petitioner has shown a *substantial* weakness in the class certification decision, such that the

decision likely constitutes an abuse of discretion"; (3) "whether the appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation as well as important in itself"; (4) "the nature and status of the litigation before the district court"; and (5) "the likelihood that future events may make immediate appellate review more or less appropriate." *Id.* at 1274–76 (emphasis in original) (internal quotation marks omitted). These factors favor review here.

First, as more fully explained below, there is a substantial weakness in the district court's denial of class certification. The order is premised on an untenable interpretation of the FCRA that runs afoul of the statutory text and numerous authorities. This Court has recognized that an immediate appeal may be warranted "when it promises to spare the parties and the district court the expense and burden of litigating the matter to final judgment only to have it inevitably reversed by this Court on an appeal after final judgment." *Id.* at 1274–75. This factor alone supports interlocutory review when the district court applies the incorrect legal standard. *Id.* at 1275. That is precisely what happened here, as the district court applied the incorrect legal standard to determine the elements of Plaintiffs' claims, and thus interlocutory review is warranted.

Second, an appeal will permit the resolution of an unsettled legal question that is important both to this litigation and in itself—whether actual damages or credit denial is an element of an FCRA willful violation claim seeking statutory damages.

The question could hardly be more important to this case, as it serves as the sole basis of the district court's denial of class certification.  And as the challenged order and several decisions of district courts within the Eleventh Circuit demonstrate,[11] disagreement and confusion in the lower courts persist over this recurring question, underscoring its general importance.

Third, the district court's decision may ring the "death knell" of the litigation. *Prado-Steiman*, 221 F.3d at 1274. This Court has recognized that interlocutory review may be appropriate when the denial of class certification makes the case too cost-prohibitive to litigate because the stakes are too small on an individual basis. *Id*.  Here, the erroneous denial of class certification may require Plaintiffs to take an individual FCRA action to trial on behalf of two individual Plaintiffs.  The FCRA caps statutory damages recoverable at $1,000 per Plaintiff, 15 U.S.C. § 1681n(a), an amount that pales in comparison to the cost of proceeding to a trial, with expensive expert testimony, and subsequently appealing the denial of class certification.

---

[11] *Compare Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1375 (S.D. Fla. 2015) (dismissing complaint because plaintiff did not allege "that he was denied credit because of inaccuracies in his credit report"); *Clark v. Trans Union, LLC*, No. 1:18-CV-05259, 2019 WL 3505446, at *3 (N.D. Ga. June 5, 2019) (holding that "a denial of credit . . . is a necessary element of [the plaintiff's] claim") *with Foster v. Santander Consumer USA, Inc.*, No. 1:18-CV-4146, 2019 WL 3490463, at *13 n.23 (N.D. Ga. May 29, 2019) ("Plaintiff does not have to prove actual damages."); *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952, 2017 WL 5465527, at *6 (N.D. Ala. Sept. 22, 2017) ("A willful violation of the FCRA does not require a showing of actual damages.").

Fourth, this is not a case where the district court's certification decision "may change significantly as new facts are uncovered through discovery." *Prado-Steiman*, 221 F.3d at 1276. Discovery is complete, so there are no additional facts to uncover, and the court's decision turns on a question of law, which it has refused to reconsider.

Fifth, no anticipated future events caution against interlocutory review. *Id.* at 1276. The parties have not engaged in settlement discussions on a class-wide basis, and there is, for example, no prospect of an imminent change in the financial status of a party (such as a bankruptcy filing). *Id.* Nor has the district court "indicated that it views its class certification decision as conditional or subject to revision at a later stage in the case." *Id.*

For these reasons, interlocutory review is warranted.

## II. The District Court Rewrote The FCRA To Impose A Requirement Of Actual Damages Or Credit Denial For Claims Seeking Statutory Damages.

Plaintiffs have asserted a statutory claim, so the language of the statute should matter. "[I]n any case of statutory construction, [the Court's] analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1161 (11th Cir. 2021) (internal quotation marks omitted). The district court broke this cardinal rule of statutory construction. Neither its denial of class certification

(ECF No. 147)[12] nor the summary judgment order upon which it relied (ECF No. 83) analyzed the language of the FCRA to support its conclusion that actual damages or a denial of credit are an element of Plaintiffs' claim for statutory damages. Nor can the language of the statute be squared with the district court's conclusion, which was the sole basis for its denial of class certification.

Plaintiffs' claim involves two provisions of the FCRA. First, 15 U.S.C. § 1681e(b) imposes a conduct requirement on Experian, providing, in pertinent part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

*Id.* Second, 15 U.S.C. § 1681n(a) gives Plaintiffs a right of action for a willful violation of the FCRA, providing, in pertinent part:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
> (1)    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000[.]

*Id.* Which language in either provision creates a denial-of-credit or actual-damages element when a plaintiff seeks statutory damages, *i.e.*, "damages of not less than

---

[12] Plaintiffs reference the report and recommendation (ECF No. 147) because the district court adopted it through a paperless order (ECF No. 184), both of which are attached as Exhibit A.

$100 and not more than $1,000," as Plaintiffs have done here? The district court provided no answer—because there is no such language.

Rather, the disjunctive "or" within § 1681n(a)(1)(A) establishes just the opposite. That intentional use of "or" creates a choice of recovering "any actual damages sustained by the consumer as a result of the failure" to comply with the FCRA **or** "damages of not less than $100 and not more than $1,000." *Id.* Unlike the clause for "actual damages," which imposes a causation element with the "as a result of the failure" language,[13] the corresponding clause for statutory damages intentionally lacks such language, making clear that there is no causation or actual damages requirement for statutory damages. *See Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015) ("Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another.").

Aware that the district court's decision lacked a textual foundation, Experian tried to invent one in response to Plaintiffs' objections. (ECF No. 151 at 5–6.) Experian argued that the word "damages," by itself, incorporates a causation-of-harm element, as the statute's next subparagraph, § 1681n(a)(1)(B), does not use the word "damages" in providing that a plaintiff may recover from a natural person who obtains a credit report under false pretenses "actual damages sustained by the

---

[13] *See Paroline v. United States*, 572 U.S. 434, 445 (2014) ("The words 'as a result of' plainly suggest causation.").

consumer as a result of the failure or $1,000, whichever is greater." (ECF No. 151 at 5–6.)

But this argument is unavailing for two reasons. First, it renders "actual" and "as a result of" in § 1681n(a)(1)(A) superfluous—under Experian's reading, "damages" itself does the work of "actual" and "as a result of"—which would violate another "cardinal principle of statutory construction." *Duncan v. Walker*, 533 U.S. 167, 174 (2001); *accord, e.g.*, Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) ("If possible, every word and every provision is to be given effect . . . . None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

Second, Experian ignores the distinct structure of § 1681n(a)(1)(B). Unlike § 1681n(a)(1)(A), which requires Plaintiffs to elect uncapped actual damages or statutory damages in a range between $100 and $1,000, § 1681n(a)(1)(B) does not establish a range for statutory damages, but instead provides for a minimum of $1,000 or actual damages, whichever is greater. The word "damages" in § 1681n(a)(1)(A) clarifies that the range of "not less than $100 and not more than $1,000" is an alternative to "actual damages." Without it, the provision would read: "any actual damages sustained by the consumer as a result of the failure or not less than $100 and not more than $1,000." Such a provision would create confusion as

13

to whether "and not more than $1,000" capped the amount of actual damages that a plaintiff could recover. In contrast, § 1681n(a)(1)(B) is structured differently and does not require the language "damages of" before $1,000 for clarity. Experian's attempt to invent a textual justification for the district court's ruling does not withstand scrutiny.[14]

Because the district court's ruling conflicts with the plain language of the statute, it should be reversed.

## III.    The District Court Misapplied This Court's Precedents.

The district court also failed to follow this Court's precedents construing the FCRA.  On numerous occasions, this Court has recognized that a § 1681n(a)(1)(A) claim seeking statutory damages does not require proof of actual damages, contrary to the district court's decision.

In *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006), the plaintiff alleged that the defendant willfully violated § 1681e—the same conduct provision at issue here—but failed to allege "'objectively verifiable harm,' such as injury to his credit rating."  *Id.* at 1123.  This Court nonetheless held that the plaintiff had "stated a claim for a willful violation of FCRA under § 1681n," because

---

[14] Experian also cited *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009 (2020), but that case concerns which standard of causation—"but-for" or "some role"—should be applied to a judicially created cause of action for which a causation element had previously been recognized.  *Id.*  It provides no support for disregarding the text of a statute.

"statutory damages" are available under § 1681n and the plaintiff requested "any and all other relief that the Court deems just." *Id.* at 1123. Critically, after noting that other courts had permitted recovery of actual damages for emotional distress under the FCRA, this Court held that it "need not decide [] whether FCRA bars recovery for any particular category of compensatory damages, including emotional distress," because the plaintiff had alleged that "Experian's release of his confidential information was a willful violation of FCRA," which alone "is an injury that FCRA clearly recognizes as compensable" under the statutory damages provision of § 1681n. *Id.* at 1125. If actual damages were a required element of a willful violation claim under § 1681n, as the district court held, this Court could not have upheld the plaintiff's claim in *Levine* without first determining that he had adequately alleged some form of actual damages that was not barred by the FCRA— contrary to this Court's explicit statement. *Levine*, therefore, establishes that causation of actual damages is not required to sustain a claim for statutory damages.

This Court also emphasized the FCRA's distinction between actual damages and statutory damages in *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301 (11th Cir. 2009). In that case, this Court rejected a facial excessiveness challenge to § 1681n, reasoning that "[t]he current version of FCRA provides that plaintiffs may elect to receive actual damages *or* statutory damages, but not both," and reiterating that § 1681n "specifies that statutory damages may only be awarded in lieu of actual

damages." *Id.* at 1313 (emphasis in original). The district court made no effort to reconcile its conclusion that Plaintiffs must prove causation of actual damages with the clear directive of *Harris* that § 1681n "specifies that statutory damages may only be awarded in lieu of actual damages." *Id.*

Disregarding the plain language of the statute and this Court's decisions in *Levine* and *Harris*, the district court relied instead on an inapplicable decision construing a *different version* of the FCRA. The inapplicable decision is *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991). *Cahlin* affirmed summary judgment against a plaintiff who failed to present evidence that an "alleged inaccurate report caused him harm." *Id.* at 1161. At the time *Cahlin* was decided, § 1681n(a) provided:

> Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1)  Any actual damages sustained by the consumer as a result of the failure;
>
> (2)  Such amount of punitive damages as the court may allow; and
>
> (3)  In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a) (1991). Thus, unlike the current version of the statute, which Congress amended in 1996 to authorize the recovery of statutory damages in lieu of

16

actual damages, *Harris*, 564 F.3d at 1306, the 1991 version that *Cahlin* construed did not provide an alternative to showing "actual damages sustained by the consumer as a result of" the FCRA violation. So, *Cahlin*'s holding as to the necessity of an inaccurate report causing harm, while applicable to the pre-1996 version of the statute—which required actual damages "as a result of" an FCRA violation—cannot be applied to a different statute that lacks such a requirement.

The district court nonetheless followed *Cahlin* because this Court "has not overturned" it. (ECF No. 147 at 8.) But the district court's reasoning is flawed because the statute itself changed, so there was no need to overturn *Cahlin*, which correctly construed the *former* statute. In fact, *Cahlin* remains good law with respect to negligence claims, because such claims still require proof of actual damages. *See* 15 U.S.C. § 1681o. Thus, contrary to the inference drawn by the district court, continuing references to *Cahlin* in decisions regarding other issues, such as negligence claims, do not mean that its holding remains applicable to the different circumstances of willful violation claims asserted under the amended statute.

Most importantly, since the 1996 amendment, this Court has *never* cited *Cahlin* in a precedential opinion to reject a *willful* violation claim for a lack of causation or actual damages. Rather, *Cahlin*'s appearance in this Court's opinions has been constrained to the rejection of negligence claims (for which it remains good

17

law), or the mere source of a background standard that is recited but not applied in willful violation cases.

As catalogued below, in each of the decisions referenced by the district court or Experian involving a willful violation claim and a citation to *Cahlin*, this Court resolved the case on different grounds, without ever reaching the question of causation or actual damages with respect to the willful violation claim:

- *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947 (11th Cir. 2021), held that the plaintiff failed to establish willfulness, so it never considered causation or damages with respect to the willful violation claim.

- *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020), held that the plaintiff failed to establish an inaccurate report, so it never considered causation or damages.

- *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1306 (11th Cir. 2002), involved a specific jury finding that the defendant had acted negligently *but not* willfully, and thus is an example of the proper application of *Cahlin* to a negligence claim, which is irrelevant to Plaintiffs' willful violation claim.

- *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825–26 (11th Cir. 2009), *Jackson v. Equifax Info. Servs., LLC*, 167 F. App'x 144, 146 (11th Cir. 2006), and *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006), aside from being unpublished and non-precedential, are just like *Nagle*, as

they contain no language indicating that the *pro se* plaintiffs adequately alleged willful misconduct, and thus represent the proper and irrelevant application of *Cahlin* to negligence claims.

Thus, the citation to *Cahlin* in such cases—even to declare that causation of actual damages is an element of the claim, when that standard is not applied to decide the case—amounts to nothing but dicta. *See In re BFW Liquidation, LLC*, 899 F.3d 1178, 1187 (11th Cir. 2018) (holding that a "purported requirement [of a statute mentioned in an opinion] was never at issue in the case and it played no role in our decision or reasoning" and thus was dicta). Such "dicta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010).

Unlike these inapposite decisions, the opinions in *Levine*, 437 F.3d at 1123, and *Harris*, 564 F.3d at 1313, as discussed above, represent binding precedent. This Court's interpretation of the requirements of § 1681n was necessary in *Levine* to conclude that the plaintiff had stated a claim, 437 F.3d at 1123, and in *Harris* to uphold the statute, 564 F.3d at 1313. These two decisions, both of which confirm that causation of actual damages is not an element for a willful violation claim seeking statutory damages, demonstrate the district court's error.

19

**IV.    The District Court's Decision Conflicts With Precedents From The Supreme Court And Numerous Circuit Courts.**

The Supreme Court has repeatedly acknowledged the distinction between actual damages and statutory damages under the FCRA.  In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), the Court observed that "[i]f a violation is negligent, the affected consumer is entitled to actual damages. If willful, however, the consumer may have actual damages, *or* statutory damages ranging from $100 to $1,000, and even punitive damages." *Id.* at 53 (internal citations omitted and emphasis added). Likewise, in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Court held that § 1681n allows for "*either* 'actual damages' *or* statutory damages of $100 to $1,000 per violation." *Id.* at 335 (quoting § 1681n(a)) (emphasis added).  And just a few months ago, in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Court reiterated that a defendant who willfully violates the FCRA is liable "for actual damages *or* [] statutory damages." *Id.* at 2200–01 (emphasis added).

The district court refused to follow *TransUnion* because it concerned standing.  (ECF No. 147 at 9.)  But *TransUnion*'s standing analysis is relevant here. Experian relied on an earlier standing decision to argue that actual damages should be an element of an FCRA claim because "[t]he FCRA is not concerned about technical inaccuracies that have no real-world harm." (ECF No. 50 at 4.)  The *TransUnion* decision forecloses that attack when a defendant has disseminated inaccurate information to third parties. The Court held that all 1,853 class members

whose inaccurate credit reports were disseminated to third parties "suffered a concrete harm that qualifies as an injury in fact." 141 S. Ct at 2209. The evidence presented at class certification likewise establishes that Experian disseminated inaccurate information about every member of the proposed class to third parties. (ECF No. 86 at 12 n.44–46; ECF No. 127 at 3–4.) So, the proposed class here is in the same position as the 1,853-member class the Court considered in *TransUnion*.

In addition, the class in *TransUnion* did not and could not prove actual damages or causation, as it only sought "statutory and punitive damages," and aside from the sole class representative, no evidence was presented at trial "about the experiences of [the] other members of the class." 141 S. Ct. at 2202. This was permissible and raised a justiciable question of standing only because, as the Court observed, the FCRA allows plaintiffs to recover "actual damages *or* [] statutory damages" for willful violations of the statute. *Id.* at 2200–01 (emphasis added). This statutory framework—which is irreconcilable with the legal standard applied by the district court—formed the basis of the Supreme Court's decision. The district court erred in refusing to follow *TransUnion*.

The district court's error is evident from the conflicting decisions of numerous circuit courts holding that an FCRA willful violation claim does not require proof of causation of actual damages. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1110–11 (9th Cir. 2017); *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 499 (8th Cir. 2014),

*abrogated in part on other grounds by Spokeo, Inc.*, 578 U.S. at 336; *Birmingham*

*v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011); *Stillmock v. Weis*

*Markets, Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010); *Beaudry v. TeleCheck Servs.,*

*Inc.*, 579 F.3d 702, 705–06 (6th Cir. 2009); *Murray v. GMAC Mortg. Corp.*, 434

F.3d 948, 952–53 (7th Cir. 2006).

## **CONCLUSION**

Plaintiffs respectfully request that the Court permit this interlocutory appeal

and reverse the district court's erroneous denial of class certification.

Dated: January 4, 2022                    Respectfully submitted,


/s/ Matthew Weinshall
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Matthew P. Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
**PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

Roland Tellis
rtellis@baronbudd.com
Jonas P. Mann
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436

Dennis McCarty
dennismccartylaw@gmail.com
Jonathan Raburn
jonathan@geauxlaw.com
**MCCARTY & RABURN PLLC**
2931 Ridge Road, Suite 101 #504
Rockwall, Texas  75032

*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Fed. R. App. P.

5(c) because it contains 5,198 words, excluding the parts of the brief exempted by

Fed. R. App. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief

has been prepared in a proportionally spaced typeface using Microsoft Word 365 in

14-point Times New Roman font.

*/s/ Matthew Weinshall*
Matthew P. Weinshall

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on January 4, 2022.

I further certify that on January 4, 2022, the foregoing Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) was served by e-mail to counsel for defendant identified below.

*/s/ Matthew Weinshall*
Matthew P. Weinshall

A.M. Cristina Pérez Soto
Christina Mastrucci Lehn
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
E-mail: cperezsoto@jonesday.com
Email: cmlehn@jonesday.com

William R. Taylor
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: wrtaylor@jonesday.com

John A. Vogt
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
(949) 851-3939
javogt@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

25

# EXHIBIT A

**MATT P. WEINSHALL**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Tuesday, December 21, 2021 5:15 PM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cv-23084-KMW SANTOS et al v. HEALTHCARE REVENUE RECOVERY GROUP, LLC et al Order on Motion to Certify Class |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 12/21/2021 at 5:15 PM EST and filed on 12/21/2021

| | |
|---|---|
| **Case Name:** | SANTOS et al v. HEALTHCARE REVENUE RECOVERY GROUP, LLC et al |
| **Case Number:** | 1:19-cv-23084-KMW |
| **Filer:** | |
| **Document Number:** | 184(No document attached) |

**Docket Text:**
**PAPERLESS ORDER. THIS MATTER is before the Court on [147] United States Magistrate Judge Edwin G. Torres's Report and Recommendation regarding [86] Plaintiffs' Motion for Class Certification. Upon an independent review of [147] the Report and Recommendation, the underlying record, and applicable case law, and as discussed during the December 21, 2021 Calendar Call, it is ORDERED AND ADJUDGED that [147] the Report and Recommendation is AFFIRMED AND ADOPTED. [86] Plaintiffs' Motion for Class Certification is DENIED. Signed by Judge Kathleen M. Williams on 12/21/2021. (sgm)**

**1:19-cv-23084-KMW Notice has been electronically mailed to:**

Alexander G. Hughes    ahughes@jonesday.com

Alissa Del Riego    adelriego@podhurst.com, afeurtado-pedron@podhurst.com, aturk@podhurst.com

Ana Maria Cristina Perez Soto    cperezsoto@jonesday.com, cmlehn@jonesday.com, danielmontes@jonesday.com, miamidocket@jonesday.com, mjia@jonesday.com, rstander@jonesday.com, ycabreracruz@jonesday.com

Christina Therese Mastrucci Lehn    cmlehn@jonesday.com, igranodeoro@jonesday.com, miamidocket@jonesday.com

Dennis McCarty    dennismccartylaw@gmail.com

Ernest Henry Kohlmyer , III    skohlmyer@shepardfirm.com, clegros@shepardfirm.com, service@shepardfirm.com,

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 19-23084-Civ-WILLIAMS/TORRES

OMAR SANTOS, *et al*,

        Plaintiffs,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC
d/b/a ARS ACCOUNT RESOLUTION SERVICES and
EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

This matter is before the Court on Omar Santos and Amanda Clements (collectively, "Plaintiffs") motion for class certification against Defendant Experian Information Solutions, Inc.'s ("Experian"). [D.E. 86]. Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("ARS," and collectively with Experian, "Defendants") responded to Plaintiffs' motion on April 19, 2021 [D.E. 101] and Experian responded to Plaintiffs' motion on May 19, 2021 [D.E. 125] to which Plaintiffs replied on May 24, 2021. [D.E. 127].[1] Plaintiffs filed a notice of supplemental authority on June 28, 2021 [D.E. 140] to which Experian replied on

_____

[1]    Unredacted versions of the motion, response, and reply were also respectively filed. [D.E. 133, 134, 135].

1

June 29, 2021 [D.E. 141].  Therefore, Plaintiffs' motion is now ripe for disposition.[2]  After careful consideration of the motion, responses, reply, notice of supplemental authority, relevant authority, and for the reasons discussed below, Plaintiffs' motion for class certification should be **DENIED.**

## I.    *BACKGROUND*

Plaintiffs filed this action on behalf of 2.1 million consumers whose credit reports containing inaccurate information were provided by Experian to third parties, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*  [D.E. 1].  According to Plaintiffs, for more than a year, Experian systematically and intentionally erased critical payment-history information on all accounts reported by a medical debt collector, ARS.  Plaintiffs allege that Experian "willfully fails to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiffs and members of the class and fails to conduct any reasonable investigation into the accuracy of information reported by ARS" and "willfully fails to conduct appropriate reinvestigation of the accuracy of information following a dispute initiated by a consumer, as required by the FCRA."  *Id.*  Plaintiffs' causes of action fall under sections 1681e, 1681i, and 1681s-2(b) of the FCRA.  Plaintiffs seek statutory and punitive damages, costs, and attorneys' fees for Defendants alleged willful violation of the FCRA.

---

[2]    The Honorable Kathleen M. Williams referred the motion to the Undersigned on May 13, 2021.  [D.E. 114].

On March 6, 2020, Experian moved for summary judgment and argued that Plaintiffs' claims must fail because they did not to establish causation of actual damages under the FCRA.  The actual damages here would be a denial of credit due to Experian's inaccurate reporting of credit information to a third party.  In response, Plaintiffs argued that an amendment to the FCRA in 1996 makes it unnecessary for a plaintiff to prove a denial of credit when seeking only statutory damages.   In the alternative, Plaintiffs argued that there was a genuine issue of material fact regarding if they were denied credit.  On March 23, 2021, the Court denied Experian's motion for summary judgment (the "Order").   [D.E. 83].   The Court found that Plaintiffs must show causation of actual damages to be successful on their claims but found there was a genuine issue of material fact on whether the Plaintiffs suffered a denial of credit, which needed to be resolved through discovery.  *Id.*

The Court found that actual damages were required because the Eleventh Circuit, even after the 1996 amendment to the FCRA, still requires "that to make out a claim for a violation of § 1681e(b), a plaintiff must show at least two things: that a consumer report was inaccurate *and* that the inaccurate report caused him to suffer damages." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020) (emphasis added); *see also Jackson v. Equifax Info. Servs.*, LLC., 167 F. App'x 144, 146 (11th Cir. 2006 ("[a] consumer asserting claims under §§ 1681i(a) or 1681e(b) against a credit reporting agency bears the burden of proving that the agency's credit report was a causal factor in the denial of his credit application."). We thus agreed with Experian: "that to prevail, Plaintiffs must ultimately prove that

Experian's 'consumer report was inaccurate and that the inaccurate report caused [Plaintiffs] to suffer damages.'" [D.E. 83, pg. 11] (quoting *Erickson*, 981 F.3d at 1251).

On September 14, 2020, ARS moved for summary judgment. [D.E. 59]. ARS sought summary judgment on each of Plaintiffs' claims, asserting that Plaintiffs "failed to create any genuine issue as to the reasonableness of ARS's investigation, or the accuracy of the information furnished by ARS to [] credit reporting agencies . . ., including Experian." *Id.* On September 29, 2021, the Court denied that motion on procedural grounds because the motion was filed more than 200 days before the discovery deadline and before Plaintiffs had an adequate opportunity for discovery. [D.E. 145].

The matter now before the Court is Plaintiffs' motion to certify a class against Experian.[3] [D.E. 86]. Plaintiffs seek class certification under Rule 23(b)(3) and seeks the following class:

> All consumers in the United States whose Experian credit reports had an account or accounts reported by ARS with an inaccurately displayed Date of Status and were viewed by one or more third-parties from July 24, 2017 through September 30, 2019.

[D.E. 86].

---

[3]    ARS filed a response even though the class certification is solely against Experian.  We affirm that Plaintiffs have waived their right to certify a class against ARS as the time to do so has passed.

## II.    APPLICABLE PRINCIPLES AND LAW

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  "Questions concerning class certification are left to the sound discretion of the district court." *Cooper v. Southern Co.*, 390 F.3d 695, 711 (11th Cir. 2004) (citing *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1386 (11th Cir. 1998)), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). With this "great power comes great responsibility; the awesome power of a district court must be 'exercised within the framework of [Federal Rule of Civil Procedure] 23.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (alteration added)).  Thus, to be entitled to class certification, the party seeking certification must have standing and meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as the requirements of at least one subsection of Federal Rule of Civil Procedure 23(b).  *See Klay*, 382 F.3d at 1250 (citations omitted).

Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Dukes*, 564 U.S. at 349.  Under Rule 23(a), the party seeking class certification has the burden of showing that the four requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009)

(citations omitted).  Rule 23(a) provides one or more members of a class may sue as representative on behalf of all members if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In examining whether the party seeking certification has satisfied the requirements of Rule 23, the Eleventh Circuit has counseled that "[a]lthough the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharms., Inc*., 350 F.3d 1181, 1188 n.15 (11th Cir. 2003) (citation omitted).  Indeed, the Supreme Court has acknowledged "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, . . . and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes*, 564 U.S. at 350-51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982) (alteration added, internal citation omitted)).

Once a class meets the requirements of Rule 23(a), it must satisfy *one* of the three additional requirements of Rule 23(b).  Plaintiff seeks class certification under Rule 23(b)(3).  Rule 23(b)(3) requires that the "questions of law or fact common to class members predominate over any questions affecting only individual members."

Under Rule 23(b)(3), "[t]he court's inquiry is typically focused on 'whether there are common liability issues which may be resolved efficiently on a class-wide basis.'" *Drossin v. Nat'l Action Financial Services, Inc.*, 255 F.R.D. 608, 613 (S.D. Fla. 2009) (internal citations omitted). "Under Rule 23(b)(3), it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1324 (11th Cir. 2008) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004)).

### III.   ANALYSIS

Experian's primary argument is that the class fails to satisfy the predominance requirement of Rule 23(b)(3). Experian asserts that the Court would need to determine on a case-by-case basis if each class member was denied credit due to its inaccurate reporting of information. According to Experian, because a class member only suffers an "injury" under section 1681(a) if that individual is denied credit, a class member would need to show he or she was denied credit before their claim could be successful. Plaintiffs assert that each class member did suffer an injury when Experian shared his or her data with a third party and there is no need to show actual damages when seeking statutory damages.

The Order is a roadblock to Plaintiffs' position. Plaintiffs attempt to get around it in their motion by relitigating whether the 1996 amendment to the FCRA changed established Eleventh Circuit precedent. Specifically, Plaintiffs assert that the Eleventh Circuit's decision in *Cahlin v. Gen. Motors Acceptance Corp.* does not

support the Order "because it was decided under a different version of the statute that was superseded by the 1996 amendment, which created the disjunctive right to statutory damages, a critical fact that the Eleventh Circuit later emphasized in *Harris*, 564 F.3d at 1313." [D.E. 86, pg. 18-19 n.49].

Not so. The Order unequivocally found that "[d]espite the 1996 amendment to the FCRA, the Eleventh Circuit has not overturned *Cahlin*. Rather, the Eleventh Circuit continues to find that '[a] consumer asserting claims under §§ 1681i(a) or 1681e(b) against a credit reporting agency bears the burden of proving that the agency's credit report was a causal factor in the denial of his credit application.'" [D.E. 83, pg. 7] (citation omitted).

Next, Plaintiffs argue that a denial of credit is only one type of injury or harm that can be shown under the FCRA, and the Order is only applicable to a denial of credit. It is true that there are other injuries or harms such as lost wages, emotional distress, lost time, or pain and suffering that may occur from a violation of the FCRA. *See Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 745 (11th Cir. 2020) (harms were lost wages and emotional distress after failing inaccurate criminal background check); *Younger v. Experian Info. Sols., Inc.*, 817 F. App'x 862, 871 (11th Cir. 2020) (harms were mental distress and pain and suffering); *Marchisio v. Carrington Mortg. Servs.*, LLC, 919 F.3d 1288, 1302 (11th Cir. 2019) (harm of emotional distress); *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) ("Pedro also alleged a concrete injury because she alleged that she "lost time . . . attempting to resolve the credit inaccuracies."). However, these harms are not

alleged uniformly to the class here. And even if they were, these harms would still require a highly individualized analysis not suitable for class certification under Rule 23(b)(3). Indeed, each case cited by Plaintiffs that alleged these types of harms did not result in class certification.

Plaintiffs next conflate standing with causation. There is no question that a plaintiff has standing to bring a suit under the FCRA if there was a dissemination of a material inaccurate statement in his credit report. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (finding that a plaintiff lacks a concrete injury for standing to assert a claim under section 1681(e)(b) of the FCRA unless the defendant disseminated inaccurate information that is material to creditors); *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) (finding plaintiff had standing under section 1681e(b) because Experian shared an inaccurate credit report even though there was no allegation of denied credit). But this not the same as causation and there is no dispute regarding standing here. The Order clearly states, regardless of Plaintiffs seeking statutory damages, "that to make out a claim for a violation of § 1681e(b), a plaintiff must show at least two things: that a consumer report was inaccurate *and* that the inaccurate report caused him to suffer damages." *Erickson*, 981 F.3d at 1251.

With whether Plaintiffs must show a denial of credit settled by the Order, all class members in this case must do the same. This is would be an individual and highly factual determination. This coupled with a purported class of 2.1 million consumers precludes class treatment. *See Klay*, 382 F.3d at 1255 ("Where, after

adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3).”); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235-36 (11th Cir. 2000) (“Serious drawbacks to the maintenance of a class action are presented where initial determinations, such as the issue of liability vel non, turn upon highly individualized facts.”) (alteration omitted).

For example, the Order called for individual discovery on why Wells Fargo denied Plaintiff Santos a credit card, and why a mortgage lender allegedly told Plaintiff Clements it would not offer her a loan. [D.E. 83, pgs. 9-11]. This type of individual discovery would be required for each class member. With 2.1 million class members, the liability issues cannot be resolved efficiently on a class-wide basis. Therefore, the predominance requirement of Rule 23(b)(3) is not satisfied. *See Drossin*, 255 F.R.D. at 613. In fact, we have not found a case in the Eleventh Circuit that has certified a class under the same circumstances as here and Plaintiffs have failed to cite to one either. This is telling.

We thus do not need to determine whether Plaintiffs established the requirements of Rule 23(a). Accordingly, Plaintiffs' motion for class certification against Experian should be **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion [D.E. 86] for class certification against Experian should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of October, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge